**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DANIEL DE JESUS GUERRA-REGALADO, <br><br>           Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br>           Respondent. | No. 12-72191 <br><br> Agency No. A088-448-871 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Daniel De Jesus Guerra-Regalado, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for

withholding of removal and protection under the Convention Against Torture

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

In support of his withholding of removal claim, Guerra-Regalado argued to the agency that he established past persecution and a fear of future persecution from gangs on account of his membership in three particular social groups, all related to Guerra-Regalado's familial ties to his gang-member uncle. The record does not compel the conclusion that Guerra-Regalado established past persecution or a clear probability of future persecution on account of his membership in any of these three social groups. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, Guerra-Regalado's withholding of removal claim fails.

Guerra-Regalado does not make any arguments challenging the agency's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th

Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**PETITION FOR REVIEW DENIED.**